UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | | |
|---|---|---|
| DEBORAH L. HORNBUCKLE, | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 3:05-cv-0122 RLY-WGH |
| | ) | |
| SAGE HEALTH SERVICES OF | ) | |
| INDIANA, INC. and FOURTH STREET | ) | |
| SOLUTIONS, LLC, | ) | |
| Defendants. | ) | |

**ENTRY ON DEFENDANTS' MOTION TO DISMISS § 1981 CLAIM**

Plaintiff Deborah Hornbuckle has filed suit against Defendants Sage Health Services of Indiana, Inc. and Fourth Street Solutions, LLC, alleging violations of Title VII and 42 U.S.C. §1981 ("§ 1981"). Hornbuckle, an African American female, alleges that she was subjected to a hostile work environment, was unfairly disciplined after complaining to management, and ultimately was terminated due to racial discrimination.

The matter is now before the court on Defendants' Motion to Dismiss the § 1981 claim. For the following reasons, Defendants' Motion is **granted**.

**I.    Motion to Dismiss Standard**

When considering a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the court examines the sufficiency of the complaint, not the merits of the lawsuit. Fed. R. Civ. P. 12(b)(6); *United States v. Clark County, Ind.*, 113 F.Supp.2d 1286, 1290 (S.D. Ind. 2000). The court will dismiss a complaint for failure to state a

claim only if it "'appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'"  *Hamlin v. Vaudenberg*, 95 F.3d 580, 583 (7th Cir. 1996) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).  In making its determination, the court accepts the allegations in the complaint as true, and it draws all reasonable inferences in favor of the plaintiff.  *Mallett v. Wisconsin Div. of Vocational Rehabilitation*, 130 F.3d 1245, 1248 (7th Cir. 1997); *Porter v. DiBlasio*, 93 F.3d 301, 305 (7th Cir. 1996).

**II.     Analysis**

Hornbuckle does not dispute that she was an at-will employee, so the only question before the court is whether an at-will employee can bring a § 1981 claim in this court.  Defendants argue that because no employment contract existed between Hornbuckle and Defendants, her termination cannot have violated § 1981.

In *Walker v. Abbott Laboratories*, the Seventh Circuit held that an at-will employee can bring a § 1981 claim in Illinois.  340 F.3d 471, 476 (7th Cir. 2003) ("at-will employment, though capable of being terminated by either party at any time, is nonetheless a contractual relationship").  However, the *Walker* court also explained that courts look to state law to "cast further light on whether at-will employees" can maintain § 1981 claims.  340 F.3d at 477 (Missouri, Texas, and Illinois cases allowing for claims).

Indiana state law does not regard at-will employment as contractual in nature.  *Orr v. Westminster Village North, Inc.*, 689 N.E.2d 712, 717 (Ind. 1997).  In *Orr*, the Indiana Supreme Court stated that "in Indiana, the presumption of at-will employment is strong,

and this court is disinclined to adopt broad and ill-defined exceptions to the employment-at-will doctrine."  689 N.E.2d at 717.  As such, the *Orr* court found that there are only three ways to rebut the presumption of at-will employment in Indiana: adequate independent consideration, public policy, and promissory estoppel.  689 N.E.3d at 718.  In the record before the court, Hornbuckle has not relied on any of these three exceptions.  *See id.* at 718-19 (rejecting petition that did not rely on any of the three exceptions).

### IV.  Conclusion

Under Indiana law, Hornbuckle's at-will employment with Defendants was not sufficiently contractual to form the basis of a § 1981 claim.  Therefore, Defendant's Motion to Dismiss Hornbuckle's § 1981 claim is **granted**.

Dated:  January 13, 2006.

_____
RICHARD L. YOUNG, JUDGE
United States District Court
Southern District of Indiana

Electronic copies to:

Cory A. Kuhlenschmidt
BOWERS HARRISON, LLP
cak@bowersharrison.com

Bobby Allen Potters
POTTERS LAW FIRM
bpotters@aol.com

Keith E. Rounder
BOWERS HARRISON, LLP
ker@bowersharrison.com

Arthur D. Rutkowski
BOWERS HARRISON, LLP
adr@bowersharrison.com